**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| ZACKERY MONTIEL,<br>　　*Plaintiff,*<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY,<br>　　*Defendant.* | § CIVIL ACTION NO. _____<br>§<br>§<br>§　JURY REQUESTED<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Zackery Montiel ("Montiel"), Plaintiff herein, files this Original Complaint against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Zackery Montiel is a Texas resident who resides in Randall County, Texas.

2. Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-4284.

### II.
### JURISDICTION AND VENUE

3. This Court has jurisdiction over this suit because there is diversity of citizenship under 28 U.S.C. §1332(a)(1) and the amount in controversy exceeds $75,000.00 exclusive of interests and costs. Plaintiff reserves the right to modify the amount and type of relief sought in the future.

4. Venue is proper in this judicial district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

### III.
### FACTUAL BACKGROUND

5. Montiel resides in a home located at 5710 Autumn PL Amarillo, TX. 79109. He is a named insured under a property insurance policy issued by Allstate, Policy No. 886548422, and effective April 22, 2022 through April 22, 2023. In exchange for coverage for wind and/or hail damage, Montiel paid Allstate the following premiums:

| Total Premium for the Policy Period | |
|---|---|
| Premium for property insured | $2,087.34 |
| Recoupment Fee Volunteer Rural Fire Department Assistance Program | 1.54 |
| **Total** | **$2,088.88** |

Your total premium for this policy period has increased by at least 10%

| Discounts (included in your total premium) | | | |
|---|---|---|---|
| Protective Device | $5.31 | Multiple Policy | $483.39 |
| Claim Free | $173.44 | Loyalty | $212.14 |
| Responsible Payment | $400.99 | | |
| **Total discount savings** | | | **$1,275.27** |

6. During this policy period, and on or about March 1, 2022, a wind and hail storm ("the storm") hit Amarillo, Texas, area producing high winds, hail and severe rain storm showers. The storm damaged Montiel's home. At this time, Montiel has not disclosed his expert and expert opinions under Rule 26(a)(2), but a preliminary investigation has confirmed damage the storm caused extensive damages to his roof and exterior of the Property, including siding and the garage and shed. The bids received by Montiel for the dwelling roof are more than $16,000 and this does not include the other damages. The totality of the damages far exceeds his deductible.

7.     Montiel subsequently filed a claim on his insurance policy, Claim No. 0680499174. Allstate assigned adjuster Salahuddin Nashid ("Nashid") to inspect and evaluate Montiel's damages. In evaluating and investigating the loss, it was Allstate's duty under the "Our Duties After Loss" provision to timely investigate the claim fully and notify Montiel in writing as to status of the claim. Allstate also had the duty to pay for damages caused by a covered peril (wind/hail/rain) under the policy on a replacement cost value basis. Unfortunately, Nashid and/or Allstate failed to comply with their obligations under their own policy of insurance with Montiel.

8.     Upon information and belief, Nashid and/or Allstate sent Hancock claims to inspect the property. This is a ladder assist company that is not actually licensed to adjust claims in Texas. Despite this, Nashid sent them and, following their inspection of the property, authored a denial of Montiel's claim. To date, there is no concrete evidence that Nashid ever actually personally inspected the property.

9.     Following receipt of Allstate's findings, Montiel complained and requested that Allstate reinspect with his roofer. Montiel's roofer also submitted photos of the damage to Allstate. In response, Allstate asked for an estimate, claiming that was needed to determine if they will grant Montiel's request for a reinspection. This hardly quantifies a thorough investigation. Regardless, Montiel complied and submitted an estimate. In response, the Allstate adjuster updated the file with a note cliaming the shingles' granule loss in the pictures were due to wear and tear; therefore, coverage would be denied and the claim would remain closed. Again, this determination was made without any Allstate adjuster actually inspecting the damages. Allstate's response to Montiel's request for a reinspection misrepresented that the damages were due to wear and tear.

10.    Curiously, Allstate also claimed that the damages were from a prior loss. Specifically, On or about August 15, 2022, Allstate informed Montiel that it was closing the claim

because the damages were paid under a previous claim number 0639287820. This was a blatant misrepresentation because Allstate did not pay anything on claim 0639287820. At this point, Allstate's strategy was to give Montiel the runaround without ever actually inspecting the property thoroughly.

11.     To date, and despite widespread damage to Montiel's home, Allstate knowingly refused to replace Montiel's roof and repair the other covered damages to his Property.

12.     In other words, Allstate's findings grossly mirepresented the scope and cost to repair and replace damaged items to Montiel's home. In his letters, Nashid knowingly misrepresented the cost and scope of storm damage to Montiel's home. Likewise, Allstate misrepresented the damages when it said it was due to wear and tear and/or a prior loss. This was done knowingly, and does not place Montiel in his pre-loss position. This portion of the adjustment evidenced an out-come oritneted investigation, where Nashid attempted to avoid, at all cost, replacing the roof in order to save Allstate significant money despite the entire roof needing a replacement.

13.     On August 26, 2022, Montiel invoked the appraisal provision of his policy. This was to set the amount of loss by a neutral appraisal panel. The Texas Supreme Court made clear over a decade ago that "when an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong. And when the parties disagree whether there has been any loss at all, nothing prevents the appraisers from finding "$0" if that is how much damage they find." *State Farm v. Johnson,* 290 S.W.3d 886, 894 (Tex. 2009).

14.     Despite this, Allstate rejected the appraisal request. Montiel had tried to do everything in his power to avoid litigation, but Allstate refused to allow him to proceed with rights under the policy it authored. This constitutes a separate breach of its own policy.

15. In conclusion, Allstate and/or Nashid conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection and ignored obvious damage to Montiel's home. Additionally, Nashid undervalued the damages observed during the inspection; misrepresented the cause of the damages; and misrepresented the coverages afforded to Montiel under his policy. All of this together evidenced an unreasonable investigation. All of these facts, taken together, amount to bad faith and are actionable under the Texas Insurance Code, section 541.

16. Frustrated with the outcome of the claim and the obvious damage to his property and underpaying of the claim, Montiel attempted to address his concerns with Allstate. Notably, all the damage sought by Montiel are clearly covered under his policy with Allstate. Nevertheless, Allstate refused to change their position or explain their findings in further detail. Moreover, Allstate's outcome oriented investigation of Mr. Nashid's claim resulted in a biased, unfair and inequitable evaluation of Mr. Nashid's losses on the property.

## IV.
## COUNTS

17. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

18. Allstate had a contract of insurance with Plaintiff. Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.  Prompt Payment of Claims Statute**

19. The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

20. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.    Bad Faith**

21. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)    making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant violated Section 541.060 by:

    (1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by:

    (1)    making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

25. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld and, if appraisal is invoked, the cost of appraisal. *See Ortiz v. State Farm Lloyds,* 589 S.W.3d 127 (Tex. 2019), *reh'g denied.*

26. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

## VI.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## VII.
## DAMAGES

28. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

29. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since, causing further damages to the Properties and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants'

mishandling of Plaintiff's' claim in violation of the laws set forth above.

30. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

31. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices and violations of the DTPA Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, consequential damages, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

32. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

## VIII.
## ATTORNEYS' FEES

33. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

34. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

35. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiff's causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Montiel prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Montiel be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Montiel may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *Maria Gerguis*
Maria Gerguis
TBA No. 24090355
mgerguis@dalyblack.com
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**