IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ZACKERY MONTIEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:23-CV-186-Z-BR |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES**

Before the Court is Allstate Vehicle and Property Insurance Company's ("Allstate" or "Defendant") Motion to Strike Plaintiff's Claim for Attorney's Fees[1] under § 542A.003 of the Texas Insurance Code. (ECF 7). Plaintiff, in his response to Defendant's Motion, affirmatively moved for sanctions against Defendant; however, Plaintiff withdrew this motion on February 26, 2024, and it is not before the Court. (ECF 12, 20, 24). After considering Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees, the response, reply, and applicable law, the Motion is DENIED. (ECF 7, 12, 14).

## I. BACKGROUND

Plaintiff Zackery Montiel ("Montiel" or "Plaintiff") is a named insured under a homeowner's policy issued by Allstate, effective from April 22, 2022 through April 22, 2023. (ECF 12 at 1; ECF 7 at 2). Plaintiff asserted that his property sustained damages from wind and

---

[1] *See Estate of Terry Gentry v. Hamilton-Ryker IT Sols.*, No. 3:19-cv-00320, 2023 WL 5018432, at *1 n.2 (S.D. Tex. Aug. 7, 2023) (Edison, J.) (In discussing the confusion about how to manage apostrophes and plurals when referring to the fees awarded to attorneys, Judge Edison concluded his 700-word footnote with the following: "I will use 'attorney's fees' to refer to fees sought by one lawyer and 'attorneys' fees' to refer to fees sought by more than one lawyer. I will eschew entirely 'attorney fees' and 'attorneys fees.' Now, back to the show.").

hail on May 1, 2022 in a claim filed with Allstate. (ECF 7 at 1). Allstate denied Plaintiff's claim for damages, and, unhappy with the decision, Plaintiff subsequently retained counsel. (ECF 12 at 1). On January 10, 2023, Plaintiff, through counsel, provided Allstate with a notice letter prior to filing suit, asserting that Allstate's denial of his claim was improper. (ECF 12 at 1). In relevant part, the notice states:

> This letter will serve as notice under TEX. INS. CODE § 542A.003 of your insured's intent to file a claim against you under Sections 541, 542, and 542A of the Texas Insurance Code. Because the insurance industry recently passed laws very favorable to its own interests, we are required to provide this notice by law and before our firm has had an opportunity to fully discover all facts and damages related to the claim.
> Given the extensive damages caused by the hail and/or windstorm (the "storm"), and the sheer quantity of claims our firm has been asked to handle for Texas homeowners and businesses, it is particularly difficult at this time, before completing our investigation, which requires review of documents in your possession, to provide a notice that is one-hundred-percent accurate with respect to the damages sought. The damages set out herein will likely increase once our firm has received information from you and engaged experts and other consultants to assess the full scope of damages related to this claim, and particularly those that you ignored . . . .
>
> Specific amount alleged to be owed:
> $16,500.00 in actual damages (less any amounts you paid, if any, and any applicable deductible).
>
> It is likely that the damages ultimately sought at trial will be well in excess of the damages that have been identified to date because our investigation is not complete . . . .
>
> $6,200.00 for attorney's fees to date . . . .
>
> TOTAL: $22,700.00 (less any amounts paid and any applicable deductible), plus interest . . . .
>
> In other words, we cannot and will not resolve this dispute for the amount of damages and fees listed above. The figure does not necessarily include all of the damages to which our client is entitled, including damages covered under the policy, consequential damages incurred as a result of your failure to timely pay the claim, prompt payment interest, reasonable and necessary attorney's fees, and treble damages for bad faith conduct. All of these items need to be taken into account in determining the settlement value of the claim. If you are interested in

> settling this claim before we file suit feel free to call our office and we will be happy to engage in settlement negotiations.
>
> We also understand that under the new Texas laws you may ultimately show this notice letter to a judge and jury. Unfortunately, the new insurance-friendly Texas laws do not also permit us to show a jury your company's lowball settlement offers, or other related settlement discussions, including our efforts to try and settle the case with your company. A jury should know that we would accept a reasonable settlement offer today. In fact, we would prefer that above litigating the case . . . . Because our firm is not paid by the hour, it is never in our interest, or our client's interest, to unnecessarily drag out litigation.
>
> Mr. Montiel does not wish to litigate this matter, and would simply like to receive compensation for the damages and move on. However, if a satisfactory resolution is not reached in 60 days, Mr. Montiel intends to file a lawsuit.
>
> We encourage insurers to try and reach fair resolutions in these cases early, and before discovery and protracted litigation make it economically impractical or impossible for our clients to do so. Therefore, we welcome your efforts to resolve this case now, instead of years down the road.

(ECF 7-1 at 8-12) (ellipses added). Plaintiff subsequently filed this action on November 16, 2023, asserting that he is entitled to reasonable attorneys' fees in part pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code. (*See* ECF 1 at 8). Defendant filed the instant Motion on December 28, 2023, asserting that although Plaintiff did send a pre-suit notice letter, the letter was inadequate because Plaintiff's calculation of claimed damages was impermissibly vague. (ECF 7 at 1-3). Plaintiff filed his response on January 9, 2024, and affirmatively moved for sanctions against Defendant. (ECF 12 at 1). Defendant filed its reply on January 11, 2024. (ECF 14). As stated above, Plaintiff withdrew his Motion for Sanctions on February 26, 2024. (ECF 24).

## II. APPLICABLE LAW

Chapter 542A, Section .007 of the Texas Insurance Code permits claimants to recover attorney's fees incurred in bringing an action under the Chapter.[2] Tex. Ins. Code § 542A.007. If,

---

[2] Although the parties do not present *Erie*-related arguments in their briefing, the undersigned notes that other courts within this District have construed the relevant provisions of the Texas Insurance Code as substantive rather than procedural, and the law is thus applicable here. *See, e.g.*, *Carrizales v. State Farm Lloyds*, No. 3:18-CV-0086-L, 2018 WL 1697584 (N.D. Tex. Apr. 6, 2018) (Ramirez, J.); *M Central Residences Condo. Ass'n Inc. v. Tech. Ins. Co.*, No. 3:23-CV-0640-D, 2023 WL 4089388, at *2 (N.D. Tex. Jun. 20, 2023) (Fitzwater, J.); *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-cv-00114-O, 2022 WL 2719630, at *3 (N.D. Tex. Apr. 12, 2022) (Ray, J.); *Gateway

however, a defendant "pleads and proves" that it was entitled to pre-suit notice under the statute and that plaintiff failed to provide sufficient notice, it is no longer obligated to pay the requested attorney's fees. Tex. Ins. Code § 542A.007(d). "This provision applies only to attorney's fees incurred after the defendant has taken the steps necessary to plead and prove the deficiency." *Paradise Fruits & Vegetables, L.P. v. Nat'l Fire & Marine Mut. Ins.*, No. 3:21-CV-0962, 2022 WL 17998563, at *1 (N.D. Tex. March 1, 2022).

Pre-suit notice under Section 542.003 requires that, "not later than the 61st day before" the claimant files suit under section 542A—which applies to actions against insurers or their agents for damage to covered property caused by rain, hail, wind, or lightning—the "claimant must give written notice" to any person from whom they seek damages under this chapter.[3] Tex. Ins. Code § 542A.003. Because Montiel has sued his insurer to obtain payment on claims made for damage caused by wind and hail, the Texas Insurance Code, including the notice provision, is applicable. (ECF 7 at 1). Proper pre-suit notice must include:

(1) a statement of the acts or omissions giving rise to the claim;
(2) the <u>specific amount</u> alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

*Id.* § 542A.002(a) (emphasis added). The pre-suit notice requirement "serves to 'discourage litigation and encourage settlements of consumer complaints' by assuring defendant-insurers have

---

*Plaza Condo v. The Travelers Indem. Co. of Am.*, No. 3:19-CV-01645-S, 2019 WL 7187249, at *1 n.1 (N.D. Tex. Dec. 23, 2019) (Scholer, J.); *Tadeo v. Great N. Ins. Co.*, No. 3:20-CV-00147-G, 2020 WL 4284710, at *9 (N.D. Tex. Jul. 27, 2020) (Fish, J.).

[3] Although two exceptions to the pre-suit notice requirement exist, neither is applicable here. Tex. Ins. Code § 542A.003(d) ("A presuit notice… is not required if giving notice is impracticable because: (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or (2) the action is asserted as a counterclaim").

4

time to assess the situation and make a settlement offer." *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, 7:21-cv-00114-O, 2022 WL 2719630, at *2 (N.D. Tex. Apr. 12, 2022) (citing *Carrizale v. State Farm Lloyds*, 3:18-cv-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018)); *see also Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992).

### III.   ANALYSIS

**A. Plaintiff's pre-suit notice letter satisfies the requirements of Chapter 542A.007.**

Interpretations of the pre-suit notice requirement under Chapter 542A.007 are continuing to develop, particularly with regard to the level of ambiguity permissible in a letter's statement of "the specific amount alleged to be owed."[4]

Defendant argues that—rather than comply with the statute's specificity requirement—"Plaintiff's pre-suit notice letter characterizes the claimed damages in boilerplate fashion," "and demonstrates that the letter's purported 'specific amount alleged to be owed' is not actually the amount Plaintiff contends is owed in this suit." (ECF 7 at 2-3). Defendant relies on *In re Westchester* and *Navarro* to support this assertion.[5] *In re Westchester Surplus Lines Ins. Co.*, No. 07-22-00329-CV, 2023 WL 4488269 (Tex. App.—Amarillo, July 10, 2023, pet. filed); *Navarro v. State Farm Lloyds*, No. 7:23-cv-00236 (S.D. Tex. Sept. 13, 2023). In *In re Westchester*, the court

---

[4] *See, e.g.*, *In re Westchester Surplus Lines Ins. Co.*, No. 07-22-00329-CV, 2023 WL 4488269 (Tex. App. July 10, 2023, pet. filed); *Gilbane Bldg. Co. v. Swiss Re Corp. Sols. Elite Ins. Co.*, No. CV H-22-23-69, 2023 WL 2021014 (S.D. Tex. Feb 15, 2023); *Navarro v. State Farm Lloyds*, No. 7:23-cv-00236, (S.D. Tex. Sept. 13, 2023); *Combs v. Allstate Texas Lloyd's*, No. 4:23-CV-02901, 2023 WL 8237268 (S.D. Tex. Nov. 27, 2023); *611 Carpenter LLC v. Atl. Cas. Ins. Co.*, No. 1:23-CV-00867-DII, 2023 WL 8481022 (W.D. Tex. Dec. 7, 2023), *report and recommendation adopted*, No. 1:23-CV-00867-DII, 2024 WL 270192 (W.D. Tex. Jan. 23, 2024); *Koncak v. Am. Sec. Ins. Co.*, No. 3:22-CV-1160-G, 2023 WL 51035 (N.D. Tex. Jan. 3, 2023).

[5] Defendant cites an additional case, *Gilbane*, to support its assertions. *Gilbane Bldg. Co. v. Swiss Re Corp. Solutions Elite Ins. Co.*, No. H-22-2369, 2023 WL 2021014 (S.D. Tex. Feb. 15, 2023). This Court, however, finds *Gilbane* is not highly relevant or persuasive. *See Combs*, 2023 WL 8237268, at *2 ("Unlike this case, however, in which Plaintiffs sent a pre-suit notice letter. . . the pre-suit communications in *Gilbane* were letters 'debating which deductible should apply' and a 'spreadsheet adding up the damages and associated costs claimed by' the plaintiff. . . submitted as part of the claim adjustment process.").

found that a notice letter containing language identical to that sent by Plaintiff in this case, issued by the same plaintiffs' counsel, was impermissibly vague under that court's reading of Section 542A.003(b)(2). *Id.* at *4. The court focused on the specific language used in the provision to determine that:

> "the Legislature requires precision when a claimant is required to provide notice of 'the specific amount' alleged to be owed by a particular insurer for a particular claim. Section 542A.003(b)(2)'s directive does not permit a claimant to equivocate, or suggest an estimate, or offer a placeholder sum that might be changed after further investigation takes place. Rather, the words require that a claimant's notice letter must clearly articulate (a) the precise sum alleged to be owed (b) by each insurer and (c) for each claim."

*Id.* Accordingly, that court held that the notice letters at issue were deficient because, while the "letter mentions '$20,000,000.00 in actual damages (less any amounts [Insurers] paid, if any, and any applicable deductible,' the remainder of the letter equivocates on the amount owed." *Id.* For example the plaintiff in that letter indicated that it "would not resolve the dispute for the stated amount," and that the stated amount "'does not necessarily' include damages 'covered under the policy' and other damages." *Id.* The state appellate court ultimately found that this estimate was impermissible, and did not satisfy the statutory requirements.

Plaintiff likewise presents a string of cases to support the position that the statute at issue does not require that the notice letter contain a fixed and final amount. *Combs v. Allstate Texas Lloyd's*, No. 4:23-CV-02901, 2023 WL 8237268 (S.D. Tex. Nov. 27, 2023); *611 Carpenter LLC v. Atl. Cas. Ins. Co.*, No. 1:23-CV-00867-DII, 2023 WL 8481022 (W.D. Tex. Dec. 7, 2023), *report and recommendation adopted*, No. 1:23-CV-867-DII, 2024 WL 270192 (W.D. Tex. Jan. 23, 2024); *Koncak v. Am. Sec. Ins. Co.*, No. 3:22-CV-1160-G, 2023 WL 51035 (N.D. Tex. Jan. 3, 2023); *Dabbara v. Allstate Vehicle & Prop. Ins. Co.*, No. H-23-3414 (S.D. Tex. Nov. 3, 2023). In those cases, courts have found that "[t]he statutory language does not mandate that the notice letter contain a fixed and final total dollar sum allegedly owed by the insurer. The requirement is a

'specific amount alleged to be owed,' which Plaintiffs provided based on the information available to them at the time of writing the notice letter." *Combs*, 2023 WL 8237268, at *2. Even though the "specific amount" provided by the plaintiff was an estimate in these other cases, "that does not render the notice invalid. . . because the letter alleges an amount to be owed." *611 Carpenter*, 2023 WL 8481022, at *4 (quoting *Koncac*, 2023 WL 51035, at *2). The legislative intent of the pre-suit notice requirement is "to 'discourage litigation and encourage settlements of consumer complaints' by assuring defendant-insurers have time to assess the situation and make a settlement offer." *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *2 (N.D. Tex. Apr. 12, 2022) (quoting *Carrizales v. State Farm Lloyds, Inc.*, 3:18-cv-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018)). The court in *Combs*, when interpreting an identical notice letter to the letter at issue here, found that although the letter stated that Plaintiff "cannot and will not resolve this dispute for the amount of damages and fees listed above," it still comported with the legislative intent of the statute, because in other areas it "clearly establish[ed] that Plaintiffs were open to and interested in settlement negotiations." *Combs*, 2023 WL 8237268, at *3 (noting the letter stated: "[i]f you are interested in settling this claim before we file suit feel free to call our office and we will be happy to engage in settlement negotiations;" "[Plaintiff] does not wish to litigate this matter, and would simply like to receive compensation from the damages and move on;" and "we welcome your efforts to resolve this case now, instead of years down the road").

Finally, although the cases are somewhat distinguishable, this Court finds the holdings in *Koncak* and *Compound South, LLC*, instructive. *See Koncak v. Am. Sec. Ins. Co.*, No. 3:22-CV-1160-G, 2023 WL 51035 (N.D. Tex. Jan. 3, 2023) (Fish, J.); *Compound S., LLC v. State Auto. Mut. Ins. Co.*, No. 5:23-CV-070-H-BQ, 2024 WL 858011 (N.D. Tex. Jan. 31, 2024) (Bryant, J.).

The court in *Koncak* rejected the approach adopted by the court in *In re Westchester*, and held that "'the specific amount alleged to be owed' requirement is satisfied when the notice includes a specific dollar amount." *Koncak*, 2023 WL 51035, at *2. The court held that as long as the pre-suit notice includes a specific dollar amount, the "specific amount alleged to be owed" requirement is satisfied, even if the dollar amount is an estimate or an unreasonable figure. *Id.* This approach was cited favorably in *Compound South, LLC*, where the court found that even where a party "revised its clamed amount—in a separate, later-issued document," this did "not render the original sworn proof of loss equivocal." *Compound South, LLC*, 2024 WL 858011, at *9.

Here, the Court agrees with Plaintiff and its sister courts, holding that the specific dollar amount included in Plaintiff's pre-suit notice letter is sufficient to satisfy the statute's "specific amount alleged to be owed" requirement. Plaintiff in his notice clearly stated that the specific amount alleged to be owed—acknowledging that this is not a fixed and final total dollar sum—is $22,700.00. (ECF 7-1 at 10). The fact that this sum is based on the information known by the Plaintiff at the time, and could be subject to change in the future, does not render the notice invalid. As in the cases cited by Plaintiff above, Plaintiff's pre-suit notice made clear that he was open to settlement negotiations and sought to avoid this case going to trial, which is in line with the intent of the pre-suit notice requirement. (*See* ECF 7-1) ("If you are interested in settling this claim before we file suit feel free to call our office and we will be happy to engage in settlement negotiations";"[W]e would accept a reasonable settlement offer today. In fact, we would prefer that above litigating the case . . . ."; "Mr. Montiel does not wish to litigate this matter, and would simply like to receive compensation for the damages and move on"; "[W]e welcome your efforts to resolve this case now, instead of years down the road").

8

As Plaintiff lists in his briefing, several state and federal courts—including the Northern District of Texas—have considered and denied motions similar to that filed by the Defendant based on the above analysis. (ECF 12 at 10; *see Koncak*, 2023 WL 51035). This Court agrees, and "declines to read any additional requirements for pre-suit notice into Section 542A.003(b)." *Koncak*, 2023 WL 51035, at *2. Therefore, the Court finds that Plaintiff's pre-suit demand letter satisfies the statute.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion. (ECF 7).

IT IS SO ORDERED.

ENTERED March 19, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE