UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ZACKERY MONTIEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: 2:23-cv-00186-Z |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
<u>BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

I.    SUMMARY ...................................................................................................................1

II.   FACTUAL BACKGROUND .......................................................................................2

III.  ARGUMENT & AUTHORITIES ................................................................................5

     A.   Allstate is entitled to partial summary judgment on Mr. Montiel's breach of contract and bad faith claims because there is no fact issue that the interior damage occurred outside the Policy period. ...............................................5

     B.   Allstate is further entitled to summary judgment on Mr. Montiel's "misrepresentation" claims because post-loss misrepresentations are not actionable. ................................................................................................................7

     C.   On additional grounds, Allstate is entitled to summary judgment on Mr. Montiel's claim under Section 541.060(a)(3). ...........................................................9

     D.   On additional grounds, Allstate is entitled to summary judgment on Mr. Montiel's claim under Section 541.060(a)(4). ...........................................................9

     E.   On additional grounds, Allstate is entitled to summary judgment on Mr. Montiel's claims regarding alleged "knowing" statutory violations. ....................10

     F.   The Court should enter summary judgment on Mr. Montiel's TPPCA claims under Sections 542.055 and 542.056(a). .....................................................10

IV.  CONCLUSION ...........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Aguilar v. State Farm Lloyds*,
   No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015) ........................................8

*Alexander v. State Farm Lloyds*,
   No. 4:12-CV-490, 2012 WL 3046119 (S.D. Tex. July 25, 2012) ............................................8

*Barbara Techs. Corp. v. State Farm Lloyds*,
   589 S.W.3d 806 (Tex. 2019)...................................................................................................10

*Messersmith v. Nationwide Mut. Fire Ins. Co.*,
   10 F. Supp. 3d 721 (N.D. Tex. 2014) .......................................................................................8

*Newton v. State Farm Lloyds*,
   No. 4:21-CV-322-SDJ-CAN, 2022 WL 2195464 (E.D. Tex. May 17, 2022)
   (Nowak, Mag. J.) ...............................................................................................................10, 11

*One Way Invs., Inc. v. Century Sur. Co.*,
   No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) ....................................8

*Partain v. Mid-Continent Specialty Ins. Servs., Inc.*,
   838 F. Supp. 2d (S.D. Tex. 2012) ............................................................................................8

*Taboada v. State Farm Lloyds*,
   No. 2:18-CV-45,3 2020 WL 264688 (S.D. Tex. Jan. 17, 2020) ...............................................8

*Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*,
   514 F. Supp. 3d 896 (W.D. Tex. 2021) ....................................................................................8

*Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*,
   346 F. Supp. 3d 880 (N.D. Tex. 2018), *aff'd*, 787 Fed. Appx. 194 (5th Cir.
   2019) .........................................................................................................................................8

*USAA Tex. Lloyds Co. v. Menchaca*,
   545 S.W.3d 479 (Tex. 2018)......................................................................................................6

**Statutes, Rules & Regulations**

Rule 7.1.i. of the Local Civil Rules ...............................................................................................2, 3

Rule 56 of the Federal Rules of Civil Procedure .............................................................................1

Tex. Ins. Code § 541 ...............................................................................................................1, 5, 10

Tex. Ins. Code § 541.102(2) ............................................................................................................10

Tex. Ins. Code §§ 542.055(a)(1)-(3) ..................................................................................................10

Tex. Ins. Code §§ 541.051, 541.060(a)(1), and 541.061 ..........................................................7, 8

Tex. Ins. Code § 542A.003 ...................................................................................................4

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Allstate Vehicle and Property Insurance Company ("Allstate") files this Motion for Partial Summary Judgment requesting that the Court issue a take-nothing summary judgment on Plaintiff Zackery Montiel's breach of contract claim as it relates to interior damages and all of Mr. Montiel's claims under Chapter 541 of the Texas Insurance Code and for support shows:

## I.  SUMMARY

1. This is an insurance coverage dispute arising out of a claim (the "Claim") Mr. Montiel submitted to Allstate under his homeowners insurance policy (the "Policy") for alleged damages to his residence (the "Property") purportedly caused by a May 1, 2022 wind and hail storm (the "Alleged Storm").  Mr. Montiel contends Allstate did not pay Policy benefits owed on the Claim for repairs to covered damages at the Property caused by the Alleged Storm. He further asserts extra-contractual claims for bad faith under Chapter 541 of the Texas Insurance Code. Mr. Montiel, though, cannot raise a fact issue that Allstate made any misrepresentation regarding the details of the Policy, or that Allstate failed to promptly provide him with a reasonable explanation for its decision on the Claim. The Court should therefore enter a take-nothing summary judgment on all of his claims under Chapter 541.

2. Further, although Mr. Montiel did not claim interior damages to the Property, Mr. Montiel's retained expert includes interior damages in his estimate for repairs. To the extent Mr. Montiel seeks to recover for the interior damages in this suit, Allstate seeks partial summary judgment on his breach of contract claim because the interior damages existed prior to the Alleged Storm, and thus, prior to the policy period at issue in this case.

## II. FACTUAL BACKGROUND

3. On August 31, 2021, Mr. Montiel submitted a claim to Allstate (the "2021 Claim") asserting that a storm on August 29, 2021 (the "2021 Storm") caused water damage to the interior of his Property. On September 1, 2021, Allstate inspected the Property and observed hail dents to soft metal roof vents[1] and water stains to a bedroom ceiling.[2] Following its inspection, Allstate prepared an estimate for the covered damages resulting from the 2021 Storm and provided the estimate to Mr. Montiel.[3]

4. Mr. Montiel submitted the Claim to Allstate on August 10, 2022 asserting that the Alleged Storm had damaged the roof of the Property.[4] Allstate acknowledged the Claim in writing the same day.[5] An inspection was scheduled and completed on August 12, 2022.[6]

5. Allstate's inspection revealed non-covered wear, tear, and deterioration to the roof shingles.[7] On August 13, 2022, Allstate notified Ms. Montiel (also a named insured under the Policy) of its inspection findings and she requested that Allstate communicate with the Montiels' chosen contractor to discuss the contractor's disagreement as to the scope of damages.[8] On August 14, 2022, Allstate spoke with Mr. Montiel to request the status of his efforts to obtain a repair estimate from his contractor.[9] Mr. Montiel disagreed with Allstate's determination that there was

---

[1] Pursuant to Local Rule 7.1.i. of the Local Civil Rules of the United States District Court for the Northern District of Texas, and for the Court's convenience, Allstate is filing with this motion an appendix of supporting evidence. Allstate will cite to materials in its appendix with the abbreviation "APP" followed by the number of the page in the appendix where the supporting material is found. APP. 12.
[2] APP. 15.
[3] APP. 11-13.
[4] APP. 17-20.
[5] APP. 53.
[6] APP. 47-48.
[7] APP. 45.
[8] APP. 45.
[9] APP. 45.

no wind or hail damage to the roof shingles, and he requested Allstate contact his contractor to discuss why the contractor believed the roof required complete replacement.[10]

6.  On August 15, 2022, Allstate completed its investigation of the Claim.[11] Its adjuster also reviewed information regarding Mr. Montiel's 2021 Claim submitted to Allstate.[12] Allstate's inspection of the 2021 Claim had revealed hail dents to soft metal roof vents and water stains to a bedroom ceiling.[13] Allstate's estimate for the 2021 Claim included repairs for the covered damages.[14] Based on Allstate's investigation of the Claim, Mr. Montiel had not repaired damages from the 2021 Storm before the Alleged Storm occurred.[15] Thus, Allstate concluded there were no covered damages resulting from the Alleged Storm and all storm damages observed had already been adjusted under the 2021 Claim.[16]

7.  On August 16, 2022, Allstate spoke via phone call with Ms. Montiel to deliver its decision on the Claim.[17] Allstate also sent Mr. Montiel a letter detailing its decision.[18]

8.  On August 17, 2022, Allstate received photos taken by Mr. Montiel's contractor, Kelly Roofing, depicting what he contended to be additional wind and/or hail damage to the Property.[19] On August 18, 2022, Allstate responded in writing to Kelly Roofing acknowledging that Allstate had received the photos and requesting a detailed repair estimate including any additional damages Kelly Roofing believed to have resulted from the Alleged Storm.[20] Allstate

---

[10] APP. 45.
[11] APP. 43.
[12] APP. 43.
[13] *Id.*; Allstate's estimate for the 2021 Claim at APP. 11-13.
[14] *Id.*
[15] APP. 43.
[16] *Id.*; Allstate's letter to Mr. Montiel dated August 15, 2022 at APP. 55.
[17] APP. 41.
[18] APP. 57-58.
[19] APP. 40.
[20] APP. 33.

informed Kelly Roofing that once a repair estimate was received, Allstate would review the information to determine if an additional on-site inspection of the Property was warranted.[21]

9. On August 25, 2022, Allstate spoke with Luis Moreno of Kelly Roofing.[22] Allstate explained it had reviewed the photos and determined that they showed large amounts of granule loss due to non-covered wear and tear.[23] Moreno claimed hail damage was also present, but Allstate disagreed based on its review of the photos and its investigation of the Claim.[24] On August 26, 2022, Allstate spoke with Mr. Montiel to inform him of its conversation Kelly Roofing.[25] Allstate explained to Mr. Montiel that Kelly Roofing's photos showed large amounts of granule loss and overall shingle deterioration which were not covered damages under the Policy.[26] Allstate informed Mr. Montiel that it would issue a denial letter regarding Allstate's Claim decision.[27] Later that day, Allstate sent that letter to Mr. Montiel.[28]

10. On September 30, 2022, Allstate received an estimate from Kelly Roofing for full replacement of the dwelling and detached garage roofs totaling $16,442.71.[29] Allstate acknowledged receipt of the estimate.[30]

11. On January 10, 2023, Allstate received a presuit notice letter from Mr. Montiel's counsel pursuant to Section 542A.003 of the Texas Insurance Code, asserting that Allstate owed $16,500 in actual damages, less any previous payments on the Claim and the applicable Policy

---

[21] APP. 33.
[22] APP. 31-32.
[23] APP. 32; Policy, Section I – Losses We Do Not Cover Under Coverages A, B and C. APP. 88-90.
[24] APP. 32.
[25] APP. 30-31.
[26] APP. 31.
[27] APP. 31.
[28] APP. 29; APP. 57-58.
[29] APP. 27.
[30] APP. 26.

deductible.[31] After filing this lawsuit, Mr. Montiel designated Shan Bell as his retained expert to opine on causation of damages and costs of repairs. Mr. Bell has prepared an estimate for damages to the Property which totals $35,195.68.[32]

### III. ARGUMENT & AUTHORITIES

12. The Court should enter partial summary judgment on Mr. Montiel's breach of contract claim to the extent that claim is based upon any alleged failure by Allstate to pay Policy benefits on the Claim for repairs for any alleged damages to the interior of the Property. The Court should further enter a take-nothing summary judgment on all of Mr. Montiel's statutory bad faith claims under Chapter 541 of the Insurance Code.

**A. Allstate is entitled to partial summary judgment on Mr. Montiel's breach of contract and bad faith claims because there is no fact issue that the interior damage occurred outside the Policy period.**

13. Although Mr. Montiel did not report to Allstate that the Alleged Storm had caused any damages to the interior of the Property, Mr. Bell's estimate, which forms the basis for Mr. Montiel's damages claims, includes repairs to a bedroom ceiling.[33] Mr. Montiel has no evidence that the Alleged Storm damaged any area of the interior of the Property. In fact, the damages to the bedroom ceiling addressed by Mr. Bell's estimate were present when Allstate inspected the Property on September 4, 2021 in connection with its investigation of the 2021 Claim.[34] The Court should therefore enter partial summary judgment on Mr. Montiel's breach-of-contract contract claim to the extent Mr. Montiel seeks, as damages on that claim, any Policy benefits for repairs to the interior of the Property. Further, to the extent Mr. Montiel cannot prove that Allstate owes him

---

[31] APP. 25-26.
[32] APP. 125.
[33] APP. 136.
[34] *See* inspection photograph taken by Allstate on Sept. 4, 2021 related to prior claim no. 0639287820 at APP. 15.

additional Policy benefits for any interior damages, he cannot recover on his extra-contractual bad faith claims to the extent those claims are likewise premised on Allstate's denial of coverage for interior damages.[35]

14.     The Policy covers sudden and accidental direct physical loss caused by windstorm or hail during the Policy period.[36] It *does not cover* damages caused outside the Policy period.[37] The Policy period at issue in this lawsuit is April 22, 2022 to April 22, 2023.[38] Thus, any damages that fall outside this Policy period are not covered on the Claim.

15.     Mr. Bell photographed the interior damages that he claimed resulted from the Alleged Storm:[39]



Allstate photographed the exact same damages when it inspected the Property on September 4, 2021 in connection with its investigation of the 2021 Claim:[40]

---

[35] *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018).
[36] APP. 65, 84, 87.
[37] APP. 65, 84.
[38] APP. 65.
[39] APP. 147.
[40] APP. 15.



16.     Because the interior damages at issue pre-dated the Policy period, those damages are not covered on the Claim.[41] The Court should therefore enter partial summary judgment on Mr. Montiel's breach of contract claim to the extent he seeks, as damages on that claim, Policy benefits for repairs to the interior of the Property.

**B.   Allstate is further entitled to summary judgment on Mr. Montiel's "misrepresentation" claims because post-loss misrepresentations are not actionable.**

17.     Mr. Montiel alleges that Allstate made misrepresentations in connection with its handling of the Claim and based on those allegations, he asserts claims under Sections 541.051, 541.060(a)(1), and 541.061 of the Texas Insurance Code. Dkt. 1 at ¶¶ 22, 23(1), 24. During his deposition, though, he confirmed that, at base, his complaint boils down to his contention that Allstate found the roof was not damaged by the Alleged Storm whereas he believes it was.[42] In other words, he contends the misrepresentation is the disagreement about the scope and existence of covered damages.

---

[41] APP. 65. Policy, effective for the Policy period of April 22, 2022 to April 22, 2023.
[42] APP. 208, 214-215. Deposition of Zachary Montiel at 21:19-25; 45:13-46:20.

18.     Alleged post-loss misrepresentations regarding the extent of property damages or the availability of coverage under the applicable insurance policy cannot support a bad faith claim. *One Way Invs., Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, *4 (N.D. Tex. Dec. 11, 2014); *Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*, 346 F. Supp. 3d 880, 887 n. 6 (N.D. Tex. 2018) (dicta) (quotation marks and citation omitted), *aff'd*, 787 Fed. Appx. 194 (5th Cir. 2019); *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, *3 (N.D. Tex. Sept. 28, 2015). Rather, to be actionable, an alleged misrepresentation "must be about the details of a policy, not the facts giving rise to a claim." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). A "post-loss 'misrepresentation' amounts to only a contract dispute about causation of damages." *Taboada v. State Farm Lloyds*, No. 2:18-CV-45,3 2020 WL 264688, *2 (S.D. Tex. Jan. 17, 2020). Consequently, "misrepresentation claims under the Texas Insurance Code that are based on a party's failure to fulfill its contractual duties are more properly raised as breach of contract claims ...." *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 514 F. Supp. 3d 896, 910 (W.D. Tex. 2021).

19.     Mr. Montiel has not shown that Allstate made any actionable misrepresentation regarding the Policy or its terms. Accordingly, the Court should enter a take-nothing summary judgment on his claims under Section 541.051, 541.060(a)(1), and 541.061.[43]

---

[43] Setting aside that post-loss representations regarding the extent of property damages or the availability of coverage are not actionable as bad faith claims, Plaintiff also has no evidence that he relied on any of alleged "misrepresentations" or that the alleged "misrepresentations" were the producing cause of any alleged injury. *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d, 558-59 (S.D. Tex. 2012); *Alexander v. State Farm Lloyds*, No. 4:12-CV-490, 2012 WL 3046119, *8 (S.D. Tex. July 25, 2012).

**C.     On additional grounds, Allstate is entitled to summary judgment on Mr. Montiel's claim under Section 541.060(a)(3).**

20.     Mr. Montiel also asserts a claim under Section 541.060(a)(3),[44] which provides that it is an "unfair or deceptive act or practice in the business of insurance to ... fail[ ] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]"  But the record evidence affirmatively establishes that Allstate promptly explained its findings to Mr. Montiel on August 13, 2022, on August 14, 2022, on August 16, 2022 and again on August 26, 2022 after reviewing additional information submitted by his contractor.[45] The Court should therefore enter a take-nothing summary judgment on Mr. Montiel's claim under Section 541.060(a)(3).

**D.     On additional grounds, Allstate is entitled to summary judgment on Mr. Montiel's claim under Section 541.060(a)(4).**

21.     Mr. Montiel also asserts a claim under Section 541.060(a)(4),[46] which provides that it is an "unfair or deceptive act or practice in the business of insurance to ... fail[ ] within a reasonable time to ... affirm or deny coverage of a claim to a policyholder; or ...  submit a reservation of rights to a policyholder[.]" Again, the record evidence affirmatively establishes that Allstate promptly explained its findings to Mr. Montiel and notified him that it would be making no payment on the Claim.[47] The Court should therefore enter a take-nothing summary judgment on Mr. Montiel's claim under Section 541.060(a)(4).

---

[44] Dkt. 1 at ¶ 23(3).
[45] APP. 45, 41, 30.
[46] Dkt. 1 at ¶ 23(4).
[47] APP. 45, 41, 30.

**E.   On additional grounds, Allstate is entitled to summary judgment on Mr. Montiel's claims regarding alleged "knowing" statutory violations.**

22.   Mr. Montiel alleges that Allstate violated Chapter 541 of the Texas Insurance Code "knowingly." Dkt. 1 at ¶ 26. "Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness. Tex. Ins. Code § 541.102(2). Mr. Montiel, though, has no evidence that Allstate violated Chapter 541 at all, let alone that Allstate had actual awareness of any alleged false or deceptive act. The Court should therefore enter a take-nothing summary judgment on his claims seeking treble damages for a "knowing" violation.

**F.   The Court should enter summary judgment on Mr. Montiel's TPPCA claims under Sections 542.055 and 542.056(a).**

23.   Because Allstate met the deadlines under Sections 542.055 and 542.056(a), Allstate is entitled to a summary judgment on Mr. Montiel's claims under those sections of the TPPCA.

24.   The TPPCA imposes several requirements an insurer must meet. *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812-13 (Tex. 2019) (citing Tex. Ins. Code §§ 542.055(a)(1)-(3), .056(a), .057(a), .058(a), .060(a)). The Supreme Court has grouped these requirements into "three main components—non-payment requirements and deadlines, deadlines for paying claims, and enforcement." *Id*. at 813.

25.   Sections 542.055 and 542.056(a) set out the non-payment requirements and deadlines, "requiring that an insurer: provide notice to the insured of receipt of their claim; initiate an investigation; request all information the insurer reasonably believes is required for the investigation; and notify the insured within 15 days of acceptance or rejection of the claim." *Newton v. State Farm Lloyds*, No. 4:21-CV-322-SDJ-CAN, 2022 WL 2195464, *6 (E.D. Tex. May 17, 2022) (Nowak, Mag. J.), *adopted*, 2022 WL 2195019 (E.D. Tex. June 17, 2022). The

payment deadlines are found in Sections 542.057(a) and 542.058(a). Under Section 542.057(a), "an insurer has five business days to pay the insured '[i]f an insurer accepts the claim, in whole or in part.'" *Id*. (quoting Hinojos, 619 S.W.3d at 653). Second, under Section 542.058, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

26.   The evidence establishes that Allstate acknowledged the Claim in writing the same day it was submitted and initiated its investigation, inspecting the Property within two days and issuing its findings within two days of its inspection.[48] The evidence thus affirmatively shows that Allstate met the deadlines set forth in Sections 542.055 and 542.056(a), and thus Allstate is entitled to summary judgment regarding Mr. Montiel's claims under those sections of the TPPCA.

## IV. CONCLUSION

For the foregoing reasons, Defendant Allstate Vehicle and Property Insurance Company respectfully requests that this Court enter a take-nothing summary judgment on Plaintiff Zackery Montiel's breach-of-contract and bad faith claims to the extent Mr. Montiel seeks, as damages on those claims, Policy benefits for repairs to the interior of the Property, (2) Mr. Montiel's claims under Sections 541.060(a)(1), (a)(3), and (a)(4) and 541.061, (3) Mr. Montiel's claims seeking treble damages for an alleged knowing violation of Chapter 541, (4) Mr. Montiel's claims under Section 542.055 and 542.056(a), and that the Court grant Allstate such other and further relief to which it may be justly entitled, whether at law or in equity.

---

[48] APP. 53; 44-45.

        Respectfully Submitted,

        */s/ Susan E. Egeland*
        SUSAN E. EGELAND
        Attorney-in-Charge
        State Bar No. 24040854
        susan.egeland@faegredrinker.com
        SARA E. INMAN
        State Bar No. 24073098
        sara.inman@faegredrinker.com

        FAEGRE DRINKER BIDDLE & REATH LLP
        2323 Ross Avenue, Suite 1700
        Dallas, Texas 75201
        (469) 357-2500
        (469) 327-0860 (fax)

        **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing has been filed with the Court and served on all counsel of record in compliance with the Federal Rules of Civil Procedure on January 10, 2025 via the Court's CM/ECF system.

        */s/ Susan E. Egeland*
        SUSAN E. EGELAND